**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ZE KUN ZHAO,

     Defendant.

Case No. 3:23-CR-30056-NJR-1

## ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion for Early Termination of Supervised Release filed by Defendant Ze Kun Zhao. (Doc. 25). Zhao seeks early termination of his three-year period of supervised release after serving over one year of his term. (*See id*). The Government and the United States Probation Office oppose the motion. (Doc. 27).

Under 18 U.S.C. § 3583(e)(1), "[t]he court may, after considering the factors set forth in section 3553(a) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"

Here, Zhao has served more than one year of his term of supervised release which began in June 2025. (Doc. 27). He was originally sentenced to a 37-month term of imprisonment and three years of supervised release. (Doc. 22). Zhao reports that he has maintained lawful employment, refrained from criminal conduct, and has complied with all

reporting conditions of his supervision. (Doc. 25). He also states that he has "[e]stablished stable family and community ties" and satisfied all court-imposed financial obligations. (*Id.*). Zhao thus seeks early termination of his supervised release so that he may "move forward without unnecessary restrictions." (*Id.*).

The Government argues against early termination of supervised release. According to the Probation Office in the Eastern District of New York (where Zhao is under supervision), Zhao is not in full compliance with his conditions of supervision because he is not currently employed. (Doc. 27). The Government concedes that Zhao's lack of employment is not his fault because it is a result of his employer having "temporarily" shut down. (*Id.*). Nevertheless, the Government explains that "[d]ue to his current employment status, [Probation] cannot consider [Zhao's] early term request." (*Id.*). So, while Zhao appears willing to continue his employment, his temporary *un*employment injects an element of uncertainty into the Government and Probation's view of his early termination request. Zhao's request for early termination also is premature in the eyes of the Probation Office in the Eastern District of New York because it ordinarily only "reviews cases for potential early termination after approximately 18 months of supervision," notwithstanding the one-year temporal requirement under section 3583(e)(1). (*Id.*).

After considering Zhao's motion, the 18 U.S.C. § 3553(a) factors, and the Government's and Probation Office's opposition to the motion, the Court finds that early termination of supervised release is not warranted at this time.

Accordingly, the Motion for Early Termination of Supervised Release filed by Defendant Ze Kun Zhao (Doc. 25) is **DENIED**. This motion is denied without prejudice, meaning that Zhao can refile a similar motion in the future. The Court directs Zhao to refile

the motion after regaining lawful employment consistent with his conditions of supervised

release and after the completion of 18 months of supervised release.

    **IT IS SO ORDERED.**

    **DATED:  July 13, 2026**

 

**NANCY J. ROSENSTENGEL**
**United States District Judge**